United States District Court
Southern District of Texas
**ENTERED**
July 29, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DWAYNE RIVENS-BAKER, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:23-CV-00334 |
| | § | |
| BRYAN COLLIER, *et al.*, | § | |
| | § | |
| Defendants. | § | |

### ORDER ADOPTING MEMORANDUM & RECOMMENDATION

Before the Court is Magistrate Judge Julie Hampton's Memorandum and Recommendation ("M&R"). (D.E. 11). The M&R recommends that the Court retain in part and dismiss in part Plaintiff's claims. *Id.* at 28–29. The M&R additionally recommends that the Court deny Plaintiff's motion for a preliminary injunction. *Id.* at 29.

The parties were provided proper notice of, and the opportunity to object to, the Magistrate Judge's M&R. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); General Order No. 2002-13. No objection has been filed. When no timely objection has been filed, the district court need only determine whether the Magistrate Judge's M&R is clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam); *Powell v. Litton Loan Servicing, L.P.*, No. 4:14-CV-02700, 2015 WL 3823141, at *1 (S.D. Tex. June 18, 2015) (Harmon, J.) (citation omitted).

Having reviewed the proposed findings and conclusions of the Magistrate Judge, the filings of the parties, the record, and the applicable law, and finding that the M&R is not clearly erroneous or contrary to law, the Court **ADOPTS** the M&R in its entirety. (D.E. 11). Accordingly, the Court **RETAINS** the following claims:

(1) Plaintiff's Eighth Amendment excessive force claims against Andrew Salinas, Officer Cruz, and P. Anciso in their individual capacities for monetary damages;

(2) Plaintiff's Eighth Amendment deliberate indifference claims against Salinas and P. Samaniego in their individual capacities for monetary damages;

(3) Plaintiff's Eighth Amendment excessive force claims against Samaniego and Bryan Collier in their supervisory and individual capacities for allegedly putting into place purportedly unconstitutional use-of-force policies; and

(4) Plaintiff's Eighth Amendment claim against Collier in his official capacity for injunctive relief related to Texas Department of Criminal Justice ("TDCJ") policies that allegedly encourage excessive and unnecessary use of force.

Further, the Court **ORDERS** the following:

(1) Plaintiff's Eighth Amendment claim against Samaniego in his official capacity for injunctive relief, related to TDCJ policies that allegedly encourage excessive and unnecessary use of force, is **DISMISSED without prejudice** for lack of standing.

(2) Plaintiff's remaining § 1983 claims against Defendants in their respective individual and official capacities are **DISMISSED with prejudice** as frivolous and/or for failure to state a claim for relief.

(3) Plaintiff's motion for preliminary injunction is **DENIED**. (D.E. 6).

SO ORDERED.

_____
DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Dated: Corpus Christi, Texas
July 26th, 2024